IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITTANA DASHE KEIGI, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-02286-B (BT) |
| v. | § | No. 3:17-cr-00154-B-6 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Brittana Dashe Keigi, a former federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Keigi's § 2255 motion.

## Background

On November 14, 2017, Keigi pleaded guilty to maintaining a drug premises in violation of 21 U.S.C. § 856, pursuant to a written plea agreement containing an appeal waiver. The District Court sentenced her to 57 months' imprisonment. Keigi did not appeal her conviction or sentence to the Fifth Circuit Court of Appeals. And on April 13, 2021, Keigi was released from federal prison to begin a three-year term of supervised release. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited 4/15/2021).

While she was incarcerated, Keigi filed a § 2255 motion, received on September 24, 2019, in which she argues:

> (1) the evidence was insufficient to show "use," "carrying," or "possession" of firearms in furtherance of a drug-trafficking crime for the two-point firearm enhancement under USSG § 2D1.1(b)(1); and
>
> (2) the District Court failed to give her the safety-valve reduction under 18 U.S.C. § 3553(f) and § USSG 5C1.2, even though she entered a guilty plea and otherwise accepted responsibility.

In its response, the Government argues: (1) Keigi's claims are procedurally barred, waived, and noncognizable; and (2) her claims lack merit. Keigi did not file a reply, and the time for doing so has passed. Therefore, the Court must address Keigi's § 2255 motion without the benefit of a reply.

## Legal Standards and Analysis

### 1. Procedurally Barred

In her first claim, Keigi argues that the evidence was insufficient to show "use," "carrying," or "possession" of firearms in furtherance of a drug-trafficking crime for the two-point firearm enhancement. She argues in her second claim that the District Court failed to give her the safety valve reduction, even though she entered a guilty plea and accepted responsibility. The Government contends Keigi's claims are procedurally barred because she could have—but failed to—raise them on direct appeal.

"It is hornbook law that a Section 2255 motion is not a substitute for appeal." *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973) (internal quotation

2

marks omitted); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) (post-conviction relief under § 2255 "may not do service for an appeal.")*; United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) ("The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal.") (quotation omitted)). When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for her failure to raise the claim on direct appeal and actual prejudice, or that she is actually innocent. *Placente*, 81 F.3d at 558; *see also Frady*, 456 U.S. at 168.

Keigi did not file a direct appeal to the Fifth Circuit Court of Appeals. And now, she fails to provide any explanation for her failure to do so. She states in her motion that she did not know she could raise the discreet issues presented here in an appeal until she read *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that the residual clause of the "crime of violence" definition under 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague), *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding that the defendant's knowledge of his prohibited status is an element of a 18 U.S.C. § 922(g) offense), and *United States v. Haymond*, 139 S. Ct. 2369 (2019) (holding that 18 U.S.C. § 3583(k) violates the Fifth and Sixth Amendment). Even if this explanation could establish cause for her default, Keigi has not shown actual prejudice because she has not shown that the Fifth Circuit would have considered her claims, in light of the appeal waiver in her plea

3

agreement, or ruled in her favor. She also has not alleged, or attempted to show, that she is actually innocent. Keigi's claims are therefore procedurally barred.

**2. Waiver**

Keigi's claims also are waived by the valid appeal waiver contained in her plea agreement. Among other things, Keigi waived her right to bring a § 2255 motion, except under limited circumstances identified in the plea agreement. Such waivers are generally enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Keigi does not allege that her waiver was unknowing or involuntary, and her claims do not fall within the limited circumstances under which she preserved her rights to bring a post-conviction motion. Accordingly, her claims are waived. *See, e.g., United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002).

**3. Noncognizable**

To the extent Keigi's claims challenge the District Court's application of the sentencing guidelines to her case at sentencing, they are not cognizable in a § 2255 proceeding. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (§ 2255 motions can raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice, and because misapplications of the sentencing guidelines do not fall into either category, they are not cognizable in § 2255 motions); *see also Robertson v. United States*, 2021 WL 662108, at *2 (N.D. Tex. Feb. 19, 2021) (citing *Williamson*, 183 F.3d at 462). Accordingly, Keigi's claims are not cognizable in this § 2255 action.

Because Keigi's claims are procedurally barred, waived, and noncognizable, the Court should pretermit consideration of the Government's additional arguments that her claims lack merit.

## Recommendation

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed April 19, 2021.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).